UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:07-CR-60 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| LANCE GRANDBERRY, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Lance Grandberry's abridged motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 167).

Also before the court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 171). The government filed a response (ECF No. 177), to which petitioner replied (ECF No. 178). Per the court's order lifting the stay on this case and allowing supplemental briefing (ECF No. 186), the government has also filed a supplemental brief with respect to petitioner's motion to vacate, set aside, or correct sentence (ECF No. 187). Petitioner filed a response to the supplemental brief (ECF No. 189), to which the government replied (ECF No. 190).

**I.   Background**

On January 14, 2008, petitioner pleaded guilty to one count of interference with commerce by robbery (18 U.S.C. § 1951) ("Hobbs Act robbery") and one count of discharging a firearm in the course of a robbery affecting interstate commerce (18 U.S.C. § 924(c)). (ECF No. 66).

On April 21, 2008, the court sentenced petitioner to ninety-six (96) months imprisonment for the Hobbs Act robbery conviction. (ECF No. 82). The court also sentenced petitioner to one hundred twenty (120) months imprisonment for the § 924(c) conviction, to run consecutively. *Id.*

James C. Mahan
U.S. District Judge

This resulted in a combined imprisonment term of two hundred sixteen (216) months. *Id.* The court entered judgment on April 24, 2018. (ECF No. 84). Petitioner did not appeal the judgment.

In the instant motions, petitioner moves to vacate his conviction pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). (ECF No. 171). Petitioner also requests that the court immediately release him.[1] *Id.*

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). § 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

In the instant motion, petitioner requests that the court vacate his allegedly erroneous convictions pursuant to *Johnson*. (ECF No. 171). In particular, petitioner argues that the § 924(c) conviction violates the Constitution's guarantee of due process. *Id.*

In *Johnson*, the United States Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] As an alternative, petitioner requests release pending resolution of the instant motion. (ECF No. 171).

> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized portion above is known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. The Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557.

Petitioner asserts that his conviction is not subject to the provisions of § 924(c)(3) because his underlying conviction (Hobbs Act robbery) does not constitute a "crime of violence." (ECF No. 171). Petitioner argues that his sentence is unconstitutional under *Johnson* because *Johnson*'s holding applies equally to the residual clause in § 924(c). *Id*. Further, petitioner asserts that Hobbs Act robbery cannot constitute a crime of violence without relying on the residual clause. *Id*. The court disagrees.

Subsection (3) of § 924(c) defines the term "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Petitioner argues that Hobbs Act robbery cannot categorically fall under the force clause of § 924(c)(3)(A) because "Hobbs Act robbery . . . can be accomplished through acts that do not require the use, attempted use or threatened use of 'violent force.'" (ECF No. 171).

Prior to the Supreme Court's holding in *Johnson*, the Ninth Circuit held that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). Petitioner asks the court to revisit this question in light of *Johnson*.

In 2016, the Ninth Circuit was confronted with essentially the same argument that petitioner raises here, that "because Hobbs Act robbery may also be accomplished by putting

someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *United States v. Howard*, 650 Fed App'x. 466, 468 (9th Cir. 2016). The court held that Hobbs Act robbery nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or *by intimidation*," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. *Id.* (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as [a] crime of violence.

*Id*.

Since *Howard*, at least two courts in this district have found that "Hobbs Act robbery is categorically a crime of violence under the force clause." *United States v. Mendoza*, no. 2:16-cr-00324-LRH-GWF, 2017 WL 2200912, at *2 (D. Nev. May 19, 2017); *see also United States v. Barrows*, no. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023 (D. Nev. July 25, 2016).

The court holds that Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 1951, petitioner's underlying felony offense (Hobbs Act robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Mendoza*, 2017 WL 2200912, at *2. Therefore, *Johnson* is inapplicable here because petitioner's sentence does not rest on the residual clause of § 924(c). Petitioner's argument, relying primarily on *United States v. Torres-Miguel*, 701 F.3d 165, 167–169 (4th Cir. 2012), is unpersuasive. (ECF No. 171 at 16–19).

James C. Mahan
U.S. District Judge

- 4 -

In light of the foregoing, petitioner has failed to show that his sentence violates the Constitution or laws of the United States under *Johnson* or otherwise. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV.     Certificate of appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a

substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

## V.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's abridged motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 167) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 171) be, and the same hereby is, DENIED.

DATED September 10, 2019.

_____
UNITED STATES DISTRICT JUDGE